| | |
|---|---|
| REBEKAH GEE, IN HER OFFICIAL CAPACITY AS SECRETARY OF THE LOUISIANA DEPARTMENT OF HEALTH; JEFF LANDRY, IN HIS OFFICIAL CAPACITY AS ATTORNEY GENERAL OF LOUISIANA; JAMES E STEWARTSR, IN HIS OFFICIAL CAPACITY AS DISTRICT ATTORNEY FOR CADDO PARISH, LOUISIANA; AND JAY DARDENNE, IN HIS OFFICIAL CAPACITY AS COMMISSIONER OF THE DIVISION OF ADMINISTRATION OF LOUISIANA <br><br> v. <br><br> ROBERT GROSS, IN HIS PERSONAL CAPACITY AND AS CUSTODIAN OF RECORDS FOR BOSSIER CITY MEDICAL SUITE; AND BOSSIER CITY MEDICAL SUITE | Civil Action No. 4:18-CV-00369 <br> Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiffs'[1] Complaint and Motion for Enforcement of Subpoena, or Alternatively, for Alternative Service or to Transfer Pursuant to Federal Rule of Civil Procedure 45(f) (Dkt. #1). After reviewing the relevant pleadings and motion, the Court finds that Plaintiff's motion should be granted.

---

[1] The term "Plaintiffs" or "Movants" refers to Rebekah Gee, in her official capacity as Secretary of Louisiana Department of Health; Jeff Landry, in his official capacity as Attorney General of Louisiana; James E. Stewart, Sr., in his official capacity as District Attorney for Caddo Parish, Louisiana; and Jay Dardenne, in his official capacity as Commissioner of the Division of Administration of Louisiana.

**BACKGROUND**

This is an action for enforcement of a subpoena issued by another federal court to Defendant Bossier City Medical Suite[2] ("Bossier") and Robert Gross[3] ("Gross") (collectively, "Defendants"). On July 1, 2016, Bossier, along with other parties, filed a complaint against Movants in the United States District Court for the Middle District of Louisiana, *June Med. Servs. LLC v. Gee*, No. 3:16-CV-444-BAJ-RLB ("*June Medical*"). Later Bossier ceased operations and withdrew as a plaintiff in *June Medical*, which resulted in the court dismissing Bossier's claims without prejudice.

Pursuant to Louisiana law, upon closure of its business, Bossier is obligated to retain its patient records. Although Bossier is no longer a party in *June Medical*, facts regarding Bossier's medical practices remain at issue in the case. Specifically, a doctor who performed abortions at Bossier remains a plaintiff, and the complaint includes allegations concerning abortions performed at Bossier. Because, as Movants contend, Bossier's documents remain relevant in *June Medical*, on March 8, 2018, Movants issued a subpoena, pursuant to Rule 45, requesting production of such documents. Specifically, Movants directed the subpoena to Gross as Bossier's custodian of records. Although Movants made numerous attempts to serve Gross, such efforts proved unsuccessful.

On April 2, 2018, Movants issued a new subpoena to Bossier, identical to the original subpoena. Bossier failed to comply or serve objections to such subpoena. On April 30, 2018, Movants filed a motion to compel in *June Medical*. On May 2, 2018, the court denied the motion stating that "to seek the relief sought through the instant motion, [Movants] should refile the

---

[2] Bossier is a Louisiana corporation formerly doing business as an outpatient abortion facility.
[3] Gross, whose residence and place of business are located in Sherman, Texas, is Bossier's vice president and last-known custodian of records.

motion in the U.S. District Court for the Eastern District of Texas." (Dkt. #1, Exhibit 21). As a result, on May 18, 2018, Movants filed their Complaint and Motion for Enforcement of Subpoena, or Alternatively, for Alternative Service or to Transfer Pursuant to Federal Rule of Civil Procedure 45(f) (Dkt. #1). Defendants failed to file a response.

## LEGAL STANDARD

Federal Rule of Civil Procedure 45 delineates between the court that issued the subpoena (the "Issuing Court")—always "the court where the action is pending"—and "the court for the district in which compliance with the subpoena is required" (the "Compliance Court"). FED. R. CIV. P. 45(a)(2), (d)(3), (f); *Trover Grp., Inc. v. Dedicated Micros USA*, No. 2:13-CV-1047-WCB, 2015 WL 11117083, at *1 (E.D. Tex. Mar. 27, 2015) (citations omitted). Matters relating to the enforcement of a subpoena are to be directed to the court "for the district where compliance is required," i.e., the Compliance Court. FED. R. CIV. P. 45(d). Although "Rule 45(f) permits the [Compliance Court] to transfer a subpoena-related motion to the [I]ssuing [C]ourt if the person subject to the subpoena consents or if the [Compliance C]ourt finds exceptional circumstances, the motion must be filed in the first instance with the [Compliance C]ourt." *Trover Grp., Inc.*, 2015 WL 11117083, at *2.

## ANALYSIS

Here, the subpoena directed at Defendants required compliance in Sherman, Texas—in the Eastern District of Texas. As a result, the Court maintains authority to enforce the subpoena. As of the date of this Order, Defendants have neither complied with the subpoena, nor offered any excuse for their non-compliance. Given the relevance of the requested information and Defendants' failure to produce such documents or provide an excuse for their failure, the Court finds that Movants' motion should be granted.

**CONCLUSION**

It is therefore **ORDERED** that Plaintiffs' Complaint and Motion for Enforcement of Subpoena, or Alternatively, for Alternative Service or to Transfer Pursuant to Federal Rule of Civil Procedure 45(f) (Dkt. #1) is hereby **GRANTED**. As such, Defendants are **ORDERED** to produce the information requested in the subpoena within five days of the issuance of this order.

**SIGNED this 12th day of June, 2018.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE